UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :
HERMINIO GUTIERREZ, *pro se*,                            :
                                                         :                    <u>**SUMMARY ORDER**</u>
                                      Petitioner,        :                    05-CV-5135 (DLI)
                                                         :
                    -against-                            :
                                                         :
PAUL LAIRD, Warden,                                      :
                                                         :
                                      Respondent.        :
                                                         :
-------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

        Petitioner Herminio Gutierrez, *pro se*, initiated this action on October 28, 2005, seeking a

writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  Petitioner sought credit for time he served

in New York State custody prior to his parole revocation hearing before the United States Parole

Commission ("Commission").   Since filing the instant action, the United States Bureau of

Prisons has re-released petitioner to parole.  For the reasons set forth below, the court dismisses

petitioner's claim as moot.

**DISCUSSION**

        "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not

challenge the legality of his sentence, but-challenges instead its execution subsequent to his

conviction." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

Litigants in federal courts must satisfy the case-or-controversy requirement of Article III of the

Constitution to be eligible for relief.  *See* U.S. Const. Art. III, § 2.  If a case fails to satisfy this

requirement *at any stage* of the proceedings, the case becomes moot, and dismissal is required.

*See Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added) (citing *Spencer v.*

*Kemna*, 523 U.S. 1, 7 (1998)).  Habeas petitioners no longer in custody must demonstrate a concrete and continuing injury that is a collateral consequence of detention.  *So v. Reno*, 251 F. Supp. 2d 1112, 1120 (E.D.N.Y. 2003) (internal quotation marks omitted) (citing *Spencer*, 523 U.S. at 7).  There is a presumption of collateral consequences for challenges to criminal convictions; however, no such presumption exists for challenges to other aspects of criminal proceedings. *See Cobos v. Unger*, 534 F. Supp. 2d 400, 403 (W.D.N.Y. 2008) (holding that petitioner's challenge to denial of parole was rendered moot by his subsequent release to parole).

On October 28, 2005, prior to his parole revocation hearing, Petitioner filed a petition seeking a writ of habeas corpus under § 2241.  (Resp. Letter, Apr. 23, 2008.)  Petitioner did not challenge his underlying criminal conviction or the sentence imposed upon him; rather, he sought credit for the time he served in New York State custody before his revocation hearing. Petitioner is no longer in federal custody, as he was re-released to parole on May 26, 2006. Under the circumstances, there is no presumption of collateral consequences from his detention, and he presented no evidence of a continuing or concrete injury after re-release.  Thus, his petition for credit no longer satisfies the case-or-controversy requirement of Article III § 2 and is dismissed as moot.

## CONCLUSION

For the reasons set forth above, petitioner's petition seeking a writ of habeas corpus is denied as moot.

SO ORDERED.

Dated:  Brooklyn, New York
      August 8, 2008

_____/s/_____
Dora L. Irizarry
United States District Judge